IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RANDALL KEESLING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case Number CIV-09-214-C |
| | ) |
| METALSPAND, INC., a domestic | ) |
| corporation; DANIELI & C. OFFICINE | ) |
| MECCANICHE, S.p.A; and DANIELI | ) |
| CORPORATION, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM OPINION**

Plaintiff was employed by Defendant Metalspand, Inc. ("Metalspand") as a general machine press laborer.  In his job, Plaintiff fed large sheets of steel into a leveling machine. On August 7, 2008, three days after he was employed by Metalspand, Plaintiff's glove got caught on a piece of metal and his left arm was pulled into the leveling machine, crushing and amputating Plaintiff's left arm.  Because he was injured while on the job, Plaintiff filed for and received benefits under Oklahoma's Worker's Compensation Act, 85 Okla. Stat. §§ 1 *et seq.*  Although the worker's compensation case is still pending, Plaintiff filed the present action asserting because his injury arose due to the intentional tort of Metalspand, he may also pursue remedies here.

Metalspand filed a motion pursuant to Fed. R. Civ. P. 12(b)(6), asserting Plaintiff has failed to plead facts sufficient to remove his claim from the exclusive remedy provisions of


the Worker's Compensation Act; because Plaintiff first pursued his claim before the Worker's Compensation Court he has elected his remedy and his attempt to proceed before this Court is barred by Oklahoma law; and/or that Plaintiff's claim is barred by operation of the doctrine(s) of collateral estoppel and/or judicial estoppel.

In ruling on a motion to dismiss for failure to state a claim, "courts should look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 n.2 (10th Cir. 2007) (citing Erickson v. Pardus, 551 U.S. 89, ___, 127 S.Ct. 2197, 2200 (2007) and Bell Atl. Corp. v. Twombly, 550 U.S. 544, ___, 127 S.Ct. 1955, 1964-65 (2007)).

1.  Intentional Tort

Metalspand argues that the allegations of Plaintiff's Complaint fail to satisfy the requirements set out by the Oklahoma Supreme Court for removing a case from the parameters of the Workers' Compensation Act.  According to Metalspand, Plaintiff fails to allege facts demonstrating either an intent to injure or action taken with the substantial certainty that injury would occur.  Plaintiff disagrees, asserting he has pleaded facts demonstrating Metalspand took actions with the substantial certainty that injury would occur. Specifically, Plaintiff alleges that Metalspand willfully and intentionally failed to provide adequate safety precautions for using the leveling machine and that these actions were taken with the substantial certainty that injury to someone in Plaintiff's position would occur.

At this stage, the Court accepts Plaintiff's well-pleaded allegations as true and decides if they plausibly state a claim for relief.  Under this standard, Plaintiff's claim is sufficient.

In explaining its adoption of the substantial certainty test, the Oklahoma Supreme Court noted with approval the position taken by the North Carolina Supreme Court: "'The substantial certainty standard satisfies the Act's purposes of providing trade-offs to competing interests and balancing these interests, while serving as a deterrent to intentional wrongdoing and promoting safety in the workplace.'" Parret v. UNICCO Service Co., 2005 OK 54, ¶ 22, 127 P.3d 572, 578 (quoting Woodson v. Rowland, 407 S.E.2d 222, 229 (N.C. 1991)). Plaintiff's allegations note this interest in balancing interests by alleging that Metalspand elected to remove safety equipment from the leveling machine knowing that act increased the risk of serious injury. To limit Plaintiff's claim to the Workers' Compensation Act would reward that decision and thereby run afoul of the policy considerations set out in Parret. Accordingly, the Court finds the Oklahoma Workers' Compensation Acts' exclusive remedy provisions do not bar Plaintiff's tort claim.

2.  Election of Remedies

Alternatively, Metalspand argues that Plaintiff's pursuit of a workers' compensation claim constitutes an election of remedies and he is therefore barred from proceeding in this Court. Relying on Dyke v. St. Francis Hospital Inc., 1993 OK 114, 861 P.2d 295, and Pryse Monument Co. v. District Court of Kay County, 1979 OK 71, 595 P.2d 435, Metalspand asserts that Oklahoma has established the rule that where an employee has elected to proceed with a workers' compensation claim, he cannot then pursue a tort action against his employer for the same injury. Plaintiff argues that Metalspand's position is premised on the dissenting

opinion from <u>Parret</u> and that in any event he has not pursued his workers' compensation claim to conclusion so he has not elected a remedy.

The fatal flaw in Metalspand's argument is the requirement that one of the remedies be pursued to conclusion.  See <u>Pryse Monument Co.</u>, 1979 OK 71, ¶ 2, 595 P.2d at 437 ("Once a remedy is chosen and then pursued to conclusion, the point of no return is reached . . . ."). Here, although Plaintiff has filed a workers' compensation claim and received some temporary benefits, he has not pursued that claim to conclusion.  Consequently, the <u>Pryse Monument</u> election rule is inapplicable.

3. <u>Estoppel</u>

Metalspand argues that Plaintiff's tort claim is barred by issue preclusion and/or judicial estoppel.  According to Metalspand, in filing his workers' compensation claim, Plaintiff alleged that he suffered an accidental on-the-job injury.  Metalspand asserts that in its response to the workers' compensation claim, it admitted Plaintiff had suffered an accidental on-the-job injury. Metalspand argues that for Plaintiff to now argue the injury was intentionally caused is improper and would violate the parties' "stipulation." Plaintiff argues that Metalspand's position ignores the fact that the two cases must focus on different issues. In the workers' compensation case, the focus is on whether Plaintiff was accidentally injured while on the job.  In this context, April 29, 2009 the term accidental is used to distinguish the injury from those not covered by the Workers' Compensation Act.  See 85 Okla. Stat. § 11 (held unconstitutional on other grounds by <u>Sloan v. Ringwald</u>, 1996 OK CIV APP 162, 940 P.2d 234).  In contract, the "intentional" term for the tort focuses on the actions of the

4

employer and queries whether the employer acted improperly. Because the focus in the two actions is on separate issues, there is no preclusive effect to Plaintiff's assertion that the injury was "accidental." Thus, Metalspand's argument on this issue must fail.

For the reasons set forth herein, Defendant Metalspand, Inc.'s Motion to Dismiss (Dkt. No. 11) is DENIED.

IT IS SO ORDERED this 30th day of April, 2009.

*[signature]*
ROBIN J. CAUTHRON
United States District Judge